**No. 23-30825**

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

KENTRELL PARKER, on behalf of themselves and all others
similarly situated, *et al.*,

*Plaintiffs-Appellees*,

v.

TIM HOOPER, Warden, Louisiana State Penitentiary, in his official
capacity, *et al.*,

*Defendants-Appellants.*

---

**On Appeal from the United States District Court
for the Middle District of Louisiana
Case No. 3:15-cv-00318**

---

### PLAINTIFFS-APPELLEES' ADDITIONAL RECORD EXCERPTS

---

/s/ *Lydia Wright*
Lydia Wright, 37926
Samantha Bosalavage, 39808
The Promise of Justice Initiative
1024 Elysian Fields Avenue
New Orleans, LA 70117
Telephone: (504) 529-5955
Email: lwright@defendla.org
Email: sbosalavage@defendla.org

Jeffrey B. Dubner
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
Telephone: (202) 771-1773
Email: jdubner@democracyforward.org

Emily B. Lubin, 38823
Southern Poverty Law Center
201 Saint Charles Avenue, Suite 2000
New Orleans, Louisiana 70170
Telephone: (504) 486-8982
Email: emily.lubin@splcenter.org

Brendan Schneiderman
Cohen Milstein Sellers & Toll PLLC 1100
New York Avenue NW, Suite 500
Washington, DC 20005
Telephone: (202) 408-4600
Email: bschneiderman@cohenmilstein.com

Melanie A. Bray, 37049
Disability Rights Louisiana
8325 Oak Street
New Orleans, LA 70118
Telephone: (504) 208-4151
Email: mbray@disabilityrightsla.org

*Counsel for Plaintiffs-Appellees*

## **TABLE OF CONTENTS**

**TAB #**                                                                          **ROA**


1      Order Bifurcating Liability and Remedy Trials ............................ ROA.18116

2      Stipulation Regarding Remedial Trial Medical Records .............. ROA.26955

3      Stipulation Regarding Relevant Period for Remedial Trial .......... ROA.29462

4      Ruling Granting Defendants' *Motion in Limine to Admit Additional
       Evidence* ................................................................................... ROA.30100

**TAB 1**

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH LEWIS, JR., ET AL. | CIVIL DOCKET NO.: 3:15-CV-318 |
| VERSUS | JUDGE: SHELLY DICK |
| BURL CAIN, ET AL. | MAGISTRATE: RICHARD BOURGEOIS |

## ORDER

Before the Court is the Plaintiffs *Motion to Exclude Evidence of Post-Discovery Conditions or, in the Alternative, to Compel Additional Discovery.*[1]  Defendants have opposed the motion.[2]  For the following reasons the *Motion to Exclude Evidence of Post-Discovery Conditions* shall be GRANTED, and the alternative *Motion to Compel Additional Discovery* shall be DENIED.

The *Complaint* in this matter was filed in May 2015. Discovery closed on September 30, 2016.  A Class Certification hearing was held on November 1-2, 2017, at which time the Defendants offered evidence regarding alleged improvements in the delivery of medical care occurring since the close of discovery.  A bench trial[3] of this matter is scheduled to commence on October 9, 2018.  Notwithstanding the deadline for the completion of discovery, the Court granted leave to the parties to depose Will Call and May Call witnesses identified by the parties[4] on or before June 29, 2018.[5]  This was

---

[1] Rec. Doc. 417.
[2] Rec. Doc. 418.
[3] Rec. Docs. 113, 115. The Court notes that the Minute Entry at Rec. Doc. 405 refers to a jury trial which is in error.
[4] Rec. Docs. 410, 411.
[5] Rec. Doc. 405.

23-30825.18116

largely due to the fact that the Defendants had yet to depose over thirty witnesses identified by the Plaintiffs.  In November 2017, after the discovery deadline and after the Plaintiffs had deposed Dr. Raman Singh, the Medical Director for Department of Corrections, Singh was terminated, and Plaintiffs sought to depose Dr. Singh's replacements, Dr. Pamela Hearn and Nurse Stacye Falgout.  Defendants declined to produce Dr. Hearn and Nurse Falgout for updated depositions.  Plaintiffs also sought consent from the Defendants to substitute five new class member witnesses who could testify regarding recent medical issues.  Defendants refused to consent to the substitution, prompting Plaintiffs to seek leave to substitute the five witnesses and to take the depositions of Dr. Hearn and Ms. Falgout.[6]  In a subsequent status conference, the Court advised that it was not inclined to grant the motion, noting that the situation at LSP was fluid insofar as state employees come and go, and that trial evidence would need to be limited to a "snapshot in time." The Court indicated that if Plaintiffs could establish the existence of constitutional violations during Dr. Singh's tenure, it would not be necessary to introduce evidence from subsequent medical directors.  Finally, the Court indicated that it was not inclined to re-open discovery.  On May 15, 2018, the Court denied Plaintiffs' motion and thereby declined Defendants' request to re-open discovery.[7]

Efficient case management and fundamental fairness require that both Parties' evidence be limited to a "snapshot in time." The alternative would require that fact discovery be re-opened, which gives rise to the potential for discovery motions, expert reports and opinions supplemented, leading to additional expert discovery, all of which would likely result in upsetting the trial date which is now three and a half years post filing.

---

[6] Rec. Doc. 397.
[7] Rec. Doc. 412.

2

The Federal Rule of Civil Procedure's "paramount command [is] the just, speedy, and inexpensive resolution of disputes."[8]  From this overarching and fundamental principal evolves the inherent power of the Court to manage cases and its docket "so as to achieve the orderly and expeditious disposition of cases."[9]  The Court finds that bifurcating the issues of merits and remedy, and limiting the historical scope of the evidence on liability, is "reasonable response to the problems and needs confronting the court's fair administration of justice."[10]

Accordingly, it is the Order of the Court that the trial of this matter be bifurcated into separate liability and remedy phases.  Trial on liability will proceed as scheduled, and the evidence shall be limited to the healthcare conditions and the facility conditions as they existed as of September 30, 2016.  If Plaintiffs prevail on their constitutional and ADA claims, evidence of subsequent conditions may be relevant at the remedy stage.

**IT IS ORDERED** that the Plaintiffs *Motion to Exclude Evidence of Post-Discovery Conditions* is hereby GRANTED; the Plaintiffs *Motion to Compel Additional Discovery* is hereby DENIED. A bench trial on liability only, limited to evidence of the conditions as they existed on or before September 30, 2016 will go forward commencing on October 9, 2018.

Baton Rouge, Louisiana, this 20th day of June, 2018.

_____
**SHELLY D. DICK, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[8] *Dietz v. Bouldin*, 136 S.Ct. 1885, 1891 (2016).
[9] *Id.* (citing, *inter alia*, *Link v. Wabash R. Co.*, 370 U.S. 626, 630–631, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).
[10] *Degen v. United States*, 517 U.S. 820, 823–824, 116 S.Ct. 1777, 135 L.Ed.2d 102 (1996).

3

23-30825.18118

**TAB 2**

Case: 23-30825    Document: 123-1    Page: 9    Date Filed: 02/01/2024

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH LEWIS, JR., *et al.*, on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | CIVIL ACTION NO. 3:15-cv-00318 |
| v. | JUDGE SDD |
| BURL CAIN, Warden of the Louisiana State Penitentiary, in his official capacity, *et al.*, | MAGISTRATE RLB |
| Defendants. | |

## STIPULATION

The parties do hereby agree and stipulate that, for the remedy phase of trial, Plaintiffs will withdraw requests for 8 of the medical records that the Court ordered Defendants to produce on February 17, 2022 (Rec. Doc. 645). The withdrawn requests are for the records of Cecil Odom, Randy Parker, Rashan Williams, Darrell Jackson, Travis Bourda, Gary Burnette, Keith Morgan, and Rodney Jackson. Defendants agree to produce the remaining 18 medical records on a rolling basis and will complete all production of these medical records by March 16, 2022. Defendants also agree that they will not at any point make the argument that the number of records reviewed makes Plaintiffs' experts' sample too small to be reliable or representative of Defendants' medical care. Notwithstanding the foregoing, Defendants reserve the right to argue that the method of selecting individuals for the sample was unreliable or unrepresentative of Defendants' medical care.

23-30825.26955

Case: 23-30825      Document: 123-1      Page: 10      Date Filed: 02/01/2024

Dated: _____3/10/2022_____

_____

*Attorneys for Plaintiffs*

Dated: _____3/10/22_____

_____

*Attorneys for Defendants*

23-30825.26956

**TAB 3**

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

JOSEPH LEWIS, JR., *et al.*, on behalf of
themselves and all others similarly situated,

Plaintiffs,

v.

BURL CAIN, Warden of the Louisiana State
Penitentiary, in his official capacity, *et al.*,

Defendants.

CIVIL ACTION NO. 3:15-cv-00318

JUDGE SDD

MAGISTRATE RLB

## STIPULATION

The parties do hereby agree and stipulate that, for the remedy phase of trial, January 1, 2019 begins the relevant and appropriate time period ("Relevant Period") for the Court to assess whether the constitutional deficiencies listed in the Court's March 31, 2021 opinion (R. Doc. 594) have since been remedied and what (if any) injunctive relief is necessary in light of the findings at trial. Per this stipulation only, the parties have agreed to limit their discovery requests to the Relevant Period; however, notwithstanding the above, the parties agree that any policies, directives, protocols, guidelines, or forms relative to the said constitutional deficiencies but created or revised since September 30, 2016 shall also be subject to discovery and relevant to the remedy phase of trial.

Dated: 1/18/2022

_____

*Attorneys for Plaintiffs*

Dated: 1-18-2022

_____

*Attorneys for Defendants*

**TAB 4**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

JOSEPH LEWIS, JR., ET AL.                                     CIVIL DOCKET

VERSUS                                                         15-318-SDD-RLB

BURL CAIN, ET AL.

## RULING

Before the Court are the following pretrial evidentiary *Motions*. Plaintiffs filed a *Motion in Limine re Burden of Proof*;[1] Defendants filed an *Opposition*.[2] Plaintiffs filed a *Motion in Limine re Evidentiary Issues*;[3] Defendants filed an *Opposition*.[4] Defendants filed a *Motion in Limine to Admit Additional Evidence*;[5] Plaintiffs filed an *Opposition*.[6] Defendants filed a *Motion to Limit Scope of Testimony and Evidence*;[7] Plaintiffs filed an *Opposition*.[8]

The Court considered the law and argument of the parties and issues the following *Omnibus Ruling*.

This is a class action case alleging unconstitutional medical care provided at Louisiana State Penitentiary ("LSP") as well as violations of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA") at the prison. The Court

---

[1] Rec. Doc. No. 692.
[2] Rec. Doc. No. 705.
[3] Rec. Doc. No. 693.
[4] Rec. Doc. No. 706.
[5] Rec. Doc. No. 694.
[6] Rec. Doc. No. 702.
[7] Rec. Doc. No. 695.
[8] Rec. Doc. No. 703.

1

23-30825.30100

bifurcated the case into separate liability and remedial phases. Following a trial on liability the Court found that aspects of the medical care at LSP violated the Eighth Amendment and found violations of the ADA and RA.[9] The subject *Motions in Limine* address evidentiary issues contemplated to arise in the remedy phase which is set for trial commencing on June 6, 2022.

    I.    *Plaintiffs' Motion in Limine Regarding Burden of Proof*[10]

Plaintiffs seek injunctive relief, which must be "narrowly drawn [and may extend] no further than necessary to correct the violation of the Federal right and is the least intrusive means necessary to correct the violation of the Federal right."[11] Throughout these proceedings the Defendants have maintained that they have implemented remedial measures which may largely or entirely ameliorate the violations. The Court has previously advised that "at the remedy phase of this matter, any remedial measures undertaken by LSP will certainly be recognized and credited where appropriate."[12]

Plaintiffs move the Court "(1) to confirm that Defendants bear the burden of showing changes in conditions, and (2) to confirm that Plaintiffs need not re-prove Defendants' deliberate indifference."[13] Defendants have filed a *Memorandum in Opposition*.[14] For the following reasons, the Plaintiffs' *Motion* is DENIED.

Plaintiffs cite no precedent for the proposition that the burden of proof shifts. To be sure, the Defendants have the burden of their defense that they have remedied violations found following the liability trial. However, the Fifth Circuit instructs that in a "prison

---

[9] Rec. Doc. No. 594, p. 122.
[10] Rec. Doc. No. 692, 692-1.
[11] 18 U.S.C. § 3626(a)(1)(A).
[12] Rec. Doc. No. 594, p. 46, n.195.
[13] Rec. Doc. No. 692, p. 1.
[14] Rec. Doc. No. 705.

injunction case…. The evidence must show over the course of the timeline that officials knowingly and unreasonably disregarded an objectively intolerable risk of harm, and that they will continue to do so; and finally to establish eligibility for an injunction, the inmate must demonstrate the continuance of that disregard during the remainder of the litigation and into the future."[15] The Court concludes that Plaintiffs bear the burden of proving the need for equitable relief by demonstrating that the unlawful and unconstitutional conditions found following the liability trial persist and are likely to persist into the future. To the extent that the Defendants have implemented new policies, procedures, or other remedial measures, the Defendants bear the burden of proof.

II.   *Plaintiffs' Motion in Limine Regarding Evidentiary Issues*[16]

 Plaintiffs move the Court (1) to exclude evidence of post-discovery conditions; (2) to preclude Defendants' witnesses from contradicting Defendants' discovery responses discovery; (4) in the alternative, to allow Plaintiffs' experts to testify in rebuttal about any post-discovery conditions or evidence, or contradictions of discovery responses and 30(b)(6) testimony; and (5) to designate deposition testimony.[17] The Defendants have filed an *Opposition*.[18]

The *Motion* is DENIED without prejudice. Objections may be urged at trial. The parties are ordered to meet and confer to reach stipulations regarding proposed testimony and the admissibility of deposition excerpts in lieu of live testimony where appropriate.

---

[15] *Valentine v. Collier*, 993 F.3d 270, 282 (5th Cir. 2021) (quoting *Farmer v. Brennan*, 511 U.S. 825, 846 (1993)).
[16] Rec. Doc. No. 693, 693.1.
[17] Rec. Doc. No. 693, p. 1.
[18] Rec. Doc. No. 706.

3

The Court will accommodate remote video testimony upon agreement of the parties where appropriate.

    III.   *Defendants' Motion in Limine to Admit Additional Evidence*[19]

Defendants "request that they be allowed to present evidence of current conditions at LSP to the extent that the evidence is relevant and probative to a determination of whether LSP is engaged in ***continuing*** violations justifying injunctive relief."[20] Plaintiffs oppose the request to "introduce evidence of post-discovery conditions" which Plaintiffs argue "much of it contradicting their sworn discovery responses".[21]  Plaintiffs cry foul to expanding evidence to include documents that were not produced prior to the remedy phase discovery cut-off.

Courts are reluctant to permit the introduction of material and evidence that was not timely produced in discovery. However, this is not an ordinary proceeding. It is an extraordinary proceeding seeking prospective injunctive relief. A full picture of the current conditions at the time of trial is necessary to enable the Court to narrowly craft relief, only where necessary.[22] The Court will allow the Defendants to offer the following evidence, provided it has been disclosed and produced to Plaintiffs on or before 5 pm on Friday May 27, 2022.

- Updated policy and protocol for responding to self-declared emergencies;

- Evidence of staffing changes, specifically job responsibilities assigned to Ashli Oliveaux, LSP Deputy Warden and Sharita Spears, ADA Director, both of whom have been deposed by Plaintiffs;

---

[19] Rec. Doc. No. 694, 694.1.
[20] Rec. Doc. No. 694.1, p. 8 (emphasis added).
[21] Rec. Doc. No. 702, p. 1.
[22] 18 U.S.C. § 3626(a)(1)(A).

- Evidence of Inmate Orderly training conducted the last week of March 2022. Two of the Class representatives are Inmate Orderlies and can be called, if necessary, by the Plaintiffs to rebut or challenge this evidence;

- Current versions of Healthcare Tracking and Status Logs, earlier versions of which have been previously produced in discovery in this litigation.

- Recent Morbidity and Mortality Review Meeting Minutes. Mortality reviews have been exchanged in written discovery throughout these proceedings. The most current minutes may be offered through the appropriate witness, subject to cross examination;

- Recent Quality Assurance and Quality Improvement Meeting Minutes and Training Materials. Defendants represent that "these materials are generated as a result of regularly-scheduled meetings throughout the year. Prior documents related to Quality Assurance and Improvement have been exchanged in written discovery." The Court finds that any prejudice can be overcome by cross examination.

In summary, it is the Court's view that recent evidence of current practices is probative of current conditions, and the risk of litigation posturing can be mitigated and brought to light by cross-examination and rebuttal. The Defendants' *Motion*[23] is GRANTED without prejudice to objections at the time of trial.

---

[23] Rec. Doc. No. 694.

23-30825.30104

IV.    *Defendants' Motion to Limit Scope of Testimony and Evidence*[24]

Defendants move to exclude or limit testimony and evidence of healthcare procedures which the Court did not find to be constitutionally infirm. Specifically, the Defendants seek to exclude evidence critical of the following:

1) Assessment of co-pays for accessing care

2) Malingering policy

3) Use of Do Not Resuscitate ("DNR") orders

4) Chronic care

5) Staffing levels

6) Laboratory services

7) Pain medication management

The matter is not so simple. The Court found "constitutionally inadequate" access to clinical care, specialty care, infirmary care, and emergency care. The Plaintiffs persuasively argue that "even if the specific shortcomings are not subject to direct remediation in this case" they may contribute to unconstitutional care.[25] For example, even though LSP's chronic care delivery was found constitutionally adequate, chronically ill inmates may still seek clinic care, emergency care and infirmary care. The various paths of the healthcare delivery system intersect. The Court cannot decide what evidence of the current healthcare delivery system is relevant to the constitutional claims in a pretrial vacuum.

The *Motion in Limine* to exclude evidence of items 1 -7 above is DENIED, without prejudice to the right of the Defendants to urge objections at trial.

---

[24] Rec. Doc. No. 695, 695.1.
[25] Rec. Doc. No. 703, p. 2.

6

Defendants also move to limit/exclude portions of Plaintiffs ADA experts' opinions.[26] Defendants argue that "Mazz's recent report in preparation for the remedy hearing evaluated additional areas of LSP which were not evaluated prior to the merits trial…."[27] Plaintiffs concede that Mr. Mazz did not previously opine on the Trustee Camp Visitor Center, and advise that they "do not intend to seek relief regarding items no. 82-88 in Mr. Mazz's report."[28] Defendants' motion to exclude opinion as to Treatment Unit ("TU") Cell Block #28 is DENIED for the reason that this area was admittedly "substituted by LSP for areas previously evaluated…."[29] The *Motion* as to Mazz's evaluation and opinions of the Visiting Areas is DENIED. Mr. Mazz addressed barriers in the Visiting Area in his earlier liability report. Defendants' motion to limit/exclude evidence of "Additional Barriers" is referred to the merits.

Signed in Baton Rouge, Louisiana, on May 26, 2022.

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[26] Rec. Doc. No. 695, 695.1.
[27] Rec. Doc. No. 695.1, p. 4
[28] Rec. Doc. No. 703, p. 11.
[29] Rec. Doc. No. 695.1, p. 4.

7

23-30825.30106

Certificate of Service

I certify that on February 1, 2024, the foregoing document was served, via the Court's CM/ECF Document Filing System, upon all counsel of record.

<u>S/Samantha Nicole Bosalavage</u>
Samantha Nicole Bosalavage